# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1265V
### UNPUBLISHED

| | |
|---|---|
| WILLIAM DORRIS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 13, 2019<br><br>Special Processing Unit (SPU);<br>Findings of Fact; Intramuscular<br>Route of Administration; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Jeffrey T. Sprague, U.S. Department of Justice, Washington, DC, for respondent.*

### FINDING OF FACT[1]

On August 21, 2018, William Dorris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on October 25, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means it will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, I find that Petitioner's October 25, 2017 flu vaccine was administered intramuscularly into Petitioner's left deltoid.

## I. Relevant Procedural History

On September 5, 2018, Petitioner filed medical records as Petitioner's Exhibits ("Pet. Ex.") 1-5 and a statement of completion (ECF Nos. 7-8). On October 17, 2019, Petitioner filed an affidavit, Pet. Ex. 6 (ECF No. 9). The initial status conference was held on October 18, 2018. Following the initial status conference, Respondent was directed to file a status report indicating how he intended to proceed in this case (ECF No. 10).

On September 19, 2019, Respondent filed a status report stating that he had conducted a medical review of the claim and believed that a factual ruling on the administration of the vaccine was needed. Respondent's Status Report, filed Sept. 19, 2019 (ECF No. 20). Respondent requested that a ruling be made prior to setting a deadline for the Rule 4(c) report. *Id.*

On October 30, 2019, a telephonic status conference was held. Following the status conference, I informed the parties that following the receipt of any additional evidence or a status report I planned to issue a fact ruling concerning the route of administration (ECF No. 21).

On November 6, 2019, Petitioner filed a status report (ECF No. 22). Petitioner explained that he had attempted on numerous occasions to contact the vaccine administrator but that it had gone bankrupt and attempts to obtain documentation from the company and its successor were unsuccessful. *Id.* Thus, Petitioner confirmed that no additional documentation exists. *Id.* On November 6, 2019, Petitioner also filed Exhibit 7, which Petitioner indicated is "Vaccine Recommendations and Guidelines" for Vaccine Administration published by the Centers for Disease Controls Advisory Committee on Immunization Practices. *Id.*; Pet. Ex. 7. The issue of the route of administration of Petitioner's October 25, 2017 flu vaccine is now ripe for resolution.

## II. Medical Records

While I have reviewed the entire record, because this ruling concerns only the route of administration of Petitioner's October 25, 2017 flu vaccine, only evidence relevant to this issue is summarized herein.

On October 25, 2017, Mr. Dorris received a flu vaccine. Pet. Ex. 1 at 1. The influenza vaccination consent form lists Petitioner's name and date of birth and indicates that he was administered a quadrivalent vaccine. *Id.* The form is signed by Petitioner and dated 10/25/17. *Id.* At the bottom of the form is a section marked "To be completed by person administering vaccine." *Id.* This section lists the date as 10/25/17, the lot number and expiration date of the vaccine, and the name of the person who administered the vaccine. *Id.* This section also contains the following text: "Site of Injection (Circle One): R Deltoid / L Deltoid." *Id.* "L Deltoid," meaning left deltoid, is circled. *Id.*

On May 9, 2018, Petitioner presented to Jaguar Therapeutics for a physical therapy initial evaluation for pain in his left shoulder/upper arm.[3] Pet. Ex. 2 at 1. In the history of present condition/mechanism of injury section the record states, "[p]atient states mechanism of injury was having a flu shot that was improperly given to the upper shoulder area instead of in the lateral deltoid." Id.

### III.    Petitioner's Affidavit

Petitioner submitted an affidavit in support of his claim on October 17, 2018. Pet. Ex. 6. In it, Petitioner avers that he received the October 25, 2017 flu vaccine at a health fair sponsored by his employer. Id. at ¶ 1. Petitioner states, "[w]hen the vaccine administrator gave me the shot, I complained to her that the shot was excruciatingly more painful than any previous flu shots I had ever received, and that it was administered unusually high up on my shoulder. She responded brusquely, saying 'that is where the deltoid muscle is.' I subsequently learned that she was incorrect." Id.

### IV.    Analysis

A Petitioner must prove, by a preponderance of the evidence, the factual circumstances surrounding his claim. § 13(a)(1)(A). Under that standard, the existence of a fact must be shown to be "more probable than its nonexistence." In re Winship, 397 U.S. 358, 371 (1970) (Harlan, J., concurring).

In Porzio v. Sec'y of Health & Human Servs., 17-1996V, 2019 WL 5290837 (Fed. Cl. Spec. Mstr. July 12, 2019), Respondent argued that there was insufficient evidence that the petitioner's vaccine was administered intramuscularly. In that case, the vaccine administration record stated that the vaccine was injected into petitioner's left deltoid. Id. at *3. The prescribing information for the vaccine indicated that it was for intramuscular use and should not be administered intravenously, intradermally, or subcutaneously. Id. At a medical appointment, Petitioner reported that the bandage from the vaccination was high on her arm near the bursa, consistent with the left deltoid injection site recorded on the vaccine administration record. Id. Petitioner, a nurse practitioner, averred that she was sitting when the vaccine was administered despite asking to stand which makes it easier to correctly place an intramuscular injection. Id. Based on this evidence, the special master in Porzio found that there was preponderant evidence that Petitioner had received an intramuscular flu vaccination. Id.

In this case, like Porzio, Petitioner's vaccine administration record indicates that Petitioner's vaccine was administered into his left deltoid, a muscle. Pet. Ex. 1 at 1; see, e.g., Dorland's Illustrated Medical Dictionary (32nd ed. 2012) at 484 (defining deltoid as "triangular in outline, as the deltoid muscle"). Petitioner further reported to his physical therapist that the flu shot was given in his upper shoulder area instead of his lateral, or side, deltoid. Pet Ex. 2 at 1. Petitioner's affidavit also indicates that the vaccine administrator told him that the vaccine administration site was where his deltoid was. Pet. Ex. 6 at ¶ 1. As in Porzio, these pieces of evidence all support a finding that the vaccine was administered intramuscularly high into Petitioner's left deltoid. And there is no

---

[3] The record demonstrates that Petitioner also sought care for his left shoulder injury on numerous other occasions.

3

evidence that would suggest that Petitioner's October 25, 2017 flu vaccine was administered by a route *other* than intramuscularly, such as intradermally.

### V.   Conclusion

In light of the evidence indicating that the vaccine was administered intramuscularly, and the lack of evidence supporting any other route of administration, I find that it is more likely than not, and thus there is preponderant evidence, that Petitioner's October 25, 2017 flu vaccine was administered intramuscularly into his left deltoid.

Accordingly, the following is ORDERED:  **Respondent shall file, by no later than Monday, December 23, 2019, either his Rule 4(c) report or a status report indicating how he intends to proceed in this case**.  At a minimum, the status report shall indicate whether he is willing to engage in tentative discussions regarding settlement or proffer or is opposed to negotiating at this time.  In the event Respondent wishes to file a Rule 4(c) report, he may propose a date for filing it, but shall indicate his position on entering into negotiations regardless of whether he wishes to file a Rule 4(c) report.

**IT IS SO ORDERED.**

                                                       **s/ Brian H. Corcoran**
                                                       Brian H. Corcoran
                                                       Chief Special Master